**Vivyan Patros SHAMO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–76194.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Alexander Tucker, San Diego, CA, for Petitioner.

Cas–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Regina Byrd, Esq., DOJ – U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Vivyan Patros Shamo, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Prasad v. INS,* 47 F.3d 336, 338–39 (9th Cir.1995), and we deny the petition for review.

Substantial evidence supports the IJ's determination that the harassment and detentions suffered by Shamo did not rise to the level of past persecution. *See Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001); *Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006). Substantial evidence also supports the IJ's determination that Shamo failed to establish a well-founded fear of future persecution because she did not submit any evidence to the IJ of persecution of Chaldean Christians in Iraq and the IJ properly took notice of changed political conditions at the time of the hearing. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003); *see also Acewicz v. INS,* 984 F.2d 1056, 1059–61 (9th Cir.1993).

Because Shamo failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for with-

ed by 9th Cir. R. 36–3.

**934**

holding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.